# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DAMITA KENNEDY,**  CASE NO. 3:22 CV 1513

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.  **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Damita Kennedy seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Clay recommends this Court affirm the Commissioner's final decision. (Doc. 9). Plaintiff filed objections to the R&R (Doc. 10), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in 2018, alleging a disability onset date of January 1, 2007. *See* Tr. 745. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on March 10, 2021, finding Plaintiff not disabled. (Tr. 9-34). This appeal ultimately followed. (Doc. 1).

Plaintiff raised one argument regarding the ALJ's decision: that the RFC was not supported by substantial evidence because the ALJ failed to consider the supportability and consistency of Dr. Onamusi's opinions. (Doc. 6, at 9).

In his R&R, Judge Clay concluded that, reading the decision as a whole, the ALJ's RFC determination was supported by substantial evidence. (Doc. 9, at 17). He recommends the Court affirm the Commissioner's decision. *See* Doc. 9.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises one objection to the R&R. She argues that Judge Clay erred in agreeing that the ALJ properly discounted Dr. Onamusi's opinion. (Doc. 10, at 3).

Dr. Onamusi, a state agency physician, personally examined Plaintiff and opined she could sit frequently, stand or walk occasionally, squat to a limited extent occasionally with support, climb steps occasionally, lift up to 20 pounds occasionally, and use the upper extremities for gross and fine motor tasks frequently. (Tr. 1374).

The ALJ concluded that Plaintiff's RFC allowed her to perform light work as defined in 20 CFR 404.1567(b), plus the following limitations:

> She can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She is limited to occasional stooping, kneeling, and crawling and frequent crouching. She is limited to frequent handling, fingering, and feeling with the bilateral hands. She is limited to occasional exposure to extreme heat and extreme cold. She is limited to no unprotected heights or dangerous heavy machinery. She is limited to occasional exposure to concentrated dust, odors, fumes, or other pulmonary irritants and vibrations. She is limited to simple routine tasks but not at a production rate pace; for example, no assembly line work. She is limited to a sit/stand option at the workstation to change position for two minutes at will during the workday, while remaining on task 92% of the workday.

(Tr. 17-18) (cleaned up).

Under 20 C.F.R. 404.1520c, the ALJ must articulate how persuasive he finds all medical opinions and prior administrative medical findings in the record. 20 C.F.R. 404.1520c(b). The ALJ is not required to defer to any medical opinion, is not bound to the formerly-used "treating physician rule," and is not required to give a treating source controlling weight. *See Jones v. Comm'r of Soc. Sec.*, 2020 WL 1703735, at *2 (N.D. Ohio). But to determine a medical opinion's

---

1. Neither party objects to Judge Clay's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Clay.

persuasiveness, an ALJ must consider five factors and explain how he considered two of those factors: supportability and consistency. 20 C.F.R. 404.1520c(a); 416.920c(b)(2-3). An ALJ need not have specifically used the words "supportability" and "consistency" in order to have acceptably addressed them. *See, e.g.*, *Hardy v. Comm'r of Soc. Sec.*, 2021 WL 4059310, at *2 (S.D. Ohio).

Plaintiff originally argued to Judge Clay that the ALJ erred by failing to consider the supportability and consistency of Dr. Onamusi's opinion on her range of motion and ability to walk and stand. As to Plaintiff's range of motion, the R&R found that the ALJ compared Dr. Omarosi's opinion with those of two other physicians, who each found fewer necessary restrictions (Tr. 24); with prior various medical records, which reported "normal gait and muscle strength in all extremities" (Tr. 26); and with Plaintiff's own "activities of daily living" (Tr. 26), all of which go to the consistency factor. (Doc. 9, at 16-17). Additionally, the R&R found that "[o]ther than the findings on examination that day, Dr. Onamusi did not provide anything by way of support for his limitations. The ALJ addressed supportability by stating the limitations went unsupported because 'the opinion was not a function-by-function analysis fully describing her abilities and/or limitations.' (Tr. 25)." (Doc. 9, at 17).

The R&R concluded that, "[r]eading the record as a whole, . . . substantial evidence supports the ALJ's omission of range of motion limitations in the RFC." (Doc. 9, at 17). This Court agrees – the ALJ adequately addressed both supportability and consistency on this issue.[2]

---

2. The R&R cites outdated law from the era of the "treating physician rule" in support of this conclusion, stating the ALJ need only "provide 'good reasons' for . . . her ultimate weighing of the opinion." (Doc. 9, at 17 (quoting *Biestek v Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017)). This statement of law no longer applies under new Social Security regulations. *See Makela v. Comm'r of Soc. Sec.*, 2022 WL 9838285, at *4 (6th Cir.) ("Under the treating physician rule in effect at the time Makela filed her claims, treating-source opinions are typically given 'substantial, if not controlling, deference.'") But courts in this circuit have reasonably found that "the function and purposes of the mandatory articulation rules . . . are similar to those of the good reasons requirement." *See Johnnie T. v. Comm'r of Social Sec.*, 2023 WL 6056457, at *10 (S.D. Ohio).

4

As to Plaintiff's ability to walk and stand, Plaintiff primarily argued the ALJ's reasoning was "impossible to trace" where the ALJ found Dr. Onamusi's opinion ambiguous "but then immediately found the opinion to be inconsistent with his exam findings." (Doc. 6, at 12). The ALJ concluded the limitation to occasional standing or walking was ambiguous because Dr. Onamusi "did not define what he considered as occasional." (Tr. 25). The ALJ then found a limitation on standing and walking was inconsistent with Dr. Onamusi's own examination findings, which included a steady gait, no difficulty getting on or off the exam table, and normal muscle strength. *Id.* The R&R found this analysis was "not confusing nor does it require further explanation." (Doc. 9, at 18).

Plaintiff objects that the limitation was not ambiguous, as "the term 'occasional' is a term that is specifically defined by Social Security . . . as 'occurring from very little up to one-third of the time.' SSR 83-10." (Doc. 10, at 3). Plaintiff also states the ALJ and the R&R were wrong to "interpret[] [Dr. Onamusi's] clinical findings differently than the medical expert hired by Social Security." *Id.* at 4. She argues "Dr. Onamusi provided objective clinical evidence that would support a limitation in standing and walking." *Id.* at 5. Plaintiff does not point to any such clinical evidence provided by Dr. Onamusi other than "mild to moderate tenderness in the lumbar spine and a mild limp." *Id.* at 4 (citing Tr. 1373).

The ALJ accurately noted that Dr. Onamusi also found Plaintiff "had a steady gait *even with a slight limp*." (Tr. 25). This Court agrees the word 'occasional' as used in Dr. Onamusi's opinion regarding Plaintiff's ability to walk and stand was not ambiguous, and indeed the word 'occasional' is used by the ALJ herself several times in the RFC, but the ALJ did not err in finding

---

Additionally, the R&R is correct in concluding that whether an ALJ's opinion is supported by substantial evidence is determined by a reading of the record as a whole. (Doc. 9, at 11) (citing *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013).

the limitation unsupported by Dr. Onamusi's own assessment of Plaintiff's actual gait and inconsistent with the other medical opinions and evidence in the record, and Judge Clay did not err by agreeing. An ALJ need neither adopt every limitation opined by a physician, even if she finds such an opinion persuasive (*Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)) nor recite the medical opinion of a physician in the residual functional capacity finding (*Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009)). "The responsibility for determining a claimant's [RFC] rests with the ALJ, not a physician." *Poe*, 342 F. App'x at 157.

Despite Plaintiff's contention otherwise, it is squarely within the ALJ's role to evaluate the medical opinions in the record; though there may be evidence in Plaintiff's favor, where, as here, substantial evidence also supports the ALJ's conclusion, the court may not overturn. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Clay's R&R (Doc. 9) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

  s/ *James R. Knepp II*  
  UNITED STATES DISTRICT JUDGE